IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN JAMAL WILLIFORD, | : Civ. No. 1:23-CV-431 |
| Plaintiff, | : |
| v. | : |
| | : (Magistrate Judge Bloom) |
| CHRISTOPHER COLLARE, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

The *pro se* inmate-plaintiff, Steven Williford, filed this prisoner civil rights action on March 13, 2023. (Doc. 1). On January 30, 2024, the remaining defendant filed a motion to dismiss the complaint. (Doc. 46). After the plaintiff failed to respond to the motion to dismiss, we entered an order directing the plaintiff to respond on or before March 15, 2024. (Doc. 50). This order warned the plaintiff in clear terms that "[a] failure to comply with this direction may result in the motion being deemed unopposed and granted." (*Id.*).

The deadline has passed with no response from Williford. Accordingly, because Williford has failed to respond to the motion and court orders or further prosecute his case, we believe that dismissal

under the Local Rules and Federal Rule of Civil Procedure 41(b) is warranted. Accordingly, we will dismiss the plaintiff's complaint.

II. Discussion

    A. Under this Court's Local Rules, the Motion will be Deemed Unopposed and Granted.

The Local Rules of this court provide that a party opposing a motion to dismiss must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief. . ." Local Rule 7.6. Rule 7.6 further admonishes that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." *Id.* It is well established that courts may grant a motion to dismiss under Rule 7.6 "if a party fails to comply with the [R]ule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In this case, the plaintiff failed to comply with Rule 7.6 and this court's Standing Practice Order because he has not filed a timely response to the instant motion. This procedural default compels us to consider "a basic truth: we must remain mindful of the fact that 'the Federal Rules are meant to be applied in such a way as to promote

justice.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). Thus, we must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, because the plaintiff has failed to respond to the motion to dismiss, under Rule 7.6 this motion will be deemed unopposed.

B. <u>Dismissal Under Rule 41 is Warranted.</u>

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b). Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

3

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to abide by court orders and respond to the instant motion.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight as the Third Circuit has explained:

4

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.

*Briscoe*, 538 F.3d at 259-60. Here, the defendant is plainly prejudiced by the plaintiff's failure to comply with court orders or litigate this case, and we find that this factor weighs in favor of dismissal. *See e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Considering the plaintiff's history of dilatoriness, dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated

5

delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted). In the instant case, it is undisputed that the plaintiff has failed to file a response to the motion or comply with court orders.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence. *Adams*, 29 F.3d at 875. Here, where the plaintiff has failed to comply with our instructions directing him to act, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders,

lesser sanctions may not be an effective alternative. *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191. Here, by entering our prior order and advising the plaintiff of his obligations, we have tried lesser sanctions to no avail. Accordingly, dismissal is the only appropriate sanction remaining.

     Finally, we are cautioned to consider the meritoriousness of the plaintiff's claim. However, we find that consideration of this factor cannot save the plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant. The plaintiff may not refuse to address the merits of his claims and then assert the untested merits as grounds for denying a motion to dismiss his claims. As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed. *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Accordingly, in our view, the untested merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

### III. Conclusion

For the foregoing reasons, the defendant's motion to dismiss (Doc. 46) is deemed unopposed and GRANTED, and this action will be DISMISSED WITH PREJUDICE due to the plaintiff's failure to prosecute this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of May 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge

9