IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN JAMAL WILLIFORD, | : Civ. No. 1:23-CV-431 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| CHRISTOPHER COLLARE, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us on a motion to dismiss filed by the defendant, Christopher Collare. (Doc. 46). The plaintiff, Steven Williford, sued Collare alleging that, while working as a detective for Cumberland County, Pennsylvania, Collare committed the torts of false arrest, false imprisonment, and malicious prosecution against Williford. (Doc. 16). Williford points to Collare's 2021 criminal convictions as evidence that the prosecution against Williford, where Collare was both an affiant and a critical witness, was corrupt, and therefore Williford's resulting arrest, prosecution, and imprisonment amounted to torts against his person. (*Id.*).

Collare filed a motion to dismiss. (Doc. 46). He argues, *inter alia*, that Williford has failed to state a claim upon which relief may be granted. (*Id.*).

After consideration, we conclude Williford has failed to allege sufficient facts to support his claims. Accordingly, we will grant Collare's motion to dismiss.

## II. Background

This controversy began in 2023 and relates to Williford's 2016 conviction for possession of heroin with intent to distribute. (Doc. 16 ¶ 1). Williford alleges that then-detective Christopher Collare made false statements in the affidavit of probable cause that was the basis for a warrant on which Williford was arrested. (*Id.* ¶ 8). Williford also alleges that Collare lied on the stand at Williford's trial. (*Id.* ¶ 16). On December 14, 2016, Williford was convicted by a jury, and on June 30, 2017, he was sentenced to three to ten years' imprisonment. (*Id.* ¶ 1).

On January 16, 2020, Collare was indicted for criminal conduct pursuant to his activities while employed as a detective for the Carlisle Borough Police Department ("CBPD"). *United States v. Collare*, 1:20-CR-17, Doc. 1. He was eventually found guilty by a jury on nine counts,

including false statements, bribery, and distribution of heroin, all connected to his behavior as a police detective. *Id.*, Doc. 99. Williford alleges that this conviction shows that Collare "made false statements and false testimonys (sic)" at Williford's trial, and that state officials should have sought "relief for (ANY) defendant convictions that Christopher Collare was involved in. Especially if it had anything to do with distribution of drugs, confidential informants, and controlled buys, or if Mr. Collare testify (sic) on record." (Doc. 16 ¶ 18). That allegation gets to the heart of the instant matter: Williford claims that because Collare was engaged in criminal behavior at the time of Williford's conviction, it follows that Collare must have been lying about Williford, who claims he is therefore innocent and was falsely arrested, imprisoned, and prosecuted. (*See generally* Doc. 16).

Williford sued Collare, District Attorney Jamie Keating, Assistant District Attorney Courtney Hair LaRue, and the CBPD. (Doc. 16). Keating, LaRue, and CBPD filed motions to dismiss the complaint, which we granted. (Docs. 17, 27, 39). Collare then moved to dismiss. (Doc. 46). After Williford failed to respond, despite receiving an extension of time, we ultimately granted Collare's motion. (Doc. 51). Williford moved for

reconsideration of our order, arguing that he had not been served with the motion in question nor our order for him to respond. (Doc. 53). We granted that motion and permitted Williford to respond to Collare's motion to dismiss. (Doc. 55). Accordingly, the motion is now fully briefed and ripe for disposition. (Docs. 47, 56, 57).

After consideration, we find that Williford has failed to allege sufficient facts to state a claim upon which relief can be granted. Accordingly, we will grant Collare's motion to dismiss.

III. Discussion

A. Motion to Dismiss – Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the

complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## B. <u>The Defendant's Motion to Dismiss will be Granted.</u>

As we have explained, to survive a motion to dismiss, a plaintiff must allege sufficient facts for this court to see the plaintiff has a "plausible claim of relief." *Iqbal*, 556 U.S. at 679. "Threadbare recitals"

of the elements of a cause of action do not suffice. *Id.* Thus, Williford's complaint needs to outline facts which, if believed, would tend to show the elements of false arrest, false imprisonment, and malicious prosecution. We conclude that the complaint fails to do so. Therefore, we will grant the defendant's motion to dismiss.

"To bring a claim for false arrest, a plaintiff must establish (1) that there was an arrest; and (2) that the arrest was made without probable cause." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d. Cir. 2020). In a similar vein, a plaintiff alleging false imprisonment "must establish: (1) that he was detained; and (2) that the detention was unlawful." *Id.* at 202. Additionally, to state a malicious prosecution claim, a plaintiff must establish:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-297 (3d. Cir. 2014).

For all three of these claims, Williford must allege facts establishing a lack of probable cause. As explained above, the absence of

probable cause is an essential element of false arrest. In the amended complaint, Williford alleges in a bare and conclusory fashion that Collare "put false statements in the affidavit of probable cause" and "lied on the stand." (Doc. 16 ¶ 8). He does not identify what statements were allegedly false or what Collare testified to that was allegedly untrue. Yet, from these bare allegations, he invites us to conclude that he was arrested and prosecuted without probable cause. This is simply not enough for us to find that this amended complaint states sufficient facts to support a claim for false arrest or malicious prosecution. *See e.g.*, *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 657-58 (W.D. Pa. 2010) (finding that conclusory allegations that the defendants falsified affidavits of probable cause were insufficient to state a claim for false arrest); *Gentles v. Borough of Pottstown*, 2023 WL 4993198, at *2 (3d Cir. Aug. 4, 2023) (affirming the district court's conclusion that bare allegations of a falsified affidavit of probable cause was insufficient to state false arrest and malicious prosecution claims).

  We similarly conclude that the absence of facts from which we can infer a lack of probable cause defeats Williford's false imprisonment claim. As we have explained, to sufficiently state a claim for false

8

imprisonment, Williford must allege facts showing that "police lack[ed] probable cause to make an arrest[.]" *Lozano v. New Jersey*, 9 F.4th 239, 246 (3d Cir. 2021) (citations and internal quotation marks omitted). In this case, since Williford has failed to allege facts to support his claim that Collare lacked probable cause to arrest him, it necessarily follows that Williford's false imprisonment claim based on that arrest fails. Accordingly, because Williford's complaint fails to state a claim upon which relief can be granted, we will grant Collare's motion to dismiss.

While we are granting Collare's motion to dismiss, given that the plaintiff is proceeding *pro se*, we will permit him one final opportunity to amend his complaint to endeavor to state a claim against this defendant. Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to permit amendment lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend

if amendment would result in undue delay, is motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, while Williford has already amended his complaint once, we believe that permitting one final amendment would not result in undue delay, prejudice the defendant, or be futile. Accordingly, we will permit the plaintiff one final opportunity to amend his complaint to endeavor to state a claim against Defendant Collare.

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss (Doc. 46) will be granted. The plaintiff will be permitted to amend his complaint provided that he acts within 20 days of our dismissal order.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: March 12, 2025